The majority opinion is so at variance with the theory on which this case was tried and the result reached is, to my mind, so unjust, that I cannot refrain from recording my dissent. The facts are simple, two fine old people past eighty courted each other and married, they were known as Mr. and Mrs. Slawson. Both had been previously married and had children from these marriages who were in middle life. Both had a few thousand dollars in personal property that neither had helped the other accumulate, each wanted the portion of this money left at death to be distributed to their respective children, and both of them expressed such a desire by letters and other memoranda. They lived happily together two or three years and died about ten days apart, Mr. Slawson surviving Mrs. Slawson.
A proceeding for distribution was brought by the children of Mr. Slawson. The Probate Judge made an order of distribution in harmony with the desire of both parties. The Circuit Judge reviewed and affirmed the judgment of the Probate Court. This Court now reverses that judgment on the theory that the expressed desire of Mr. and Mrs. Slawson was not adorned with such legal niceties as are required to show a gift or renunciation on the part of Mr. Slawson to any interest in his wife's estate. This was foreign to the theory on which the lower courts proceeded and results in giving all the funds held by Mr. and Mrs. Slawson to the children of Mr. Slawson, so the son of Mrs. Slawson takes nothing from his mother's estate. I recognize of course, that certain requirements are necessary to the validity of deeds, wills, and other formal instruments, but none of these were involved in this case. This was a case where two plain old people left what could have easily been treated as a stipulation for the distribution of a few thousand dollars to their children when they were gone. It is *Page 329 
common practice to recognize such instruments and the circumstances amply warrant its approval in this case.
In the adjudication of legal controversies, the judicial process is not confined by statutes, precedents or cliches, neither should it be governed by predilections of the judge gleaned from shopworn legal patterns that are irrelevant to the case in hand. Justice is the primary concern of the judge and he should manipulate his material to accomplish that when the design of the parties is shown to be perfectly legal. The judge works with the implements and tools of the common man, I think it therefore follows that, he should apply the standards of the common man in the disposition of his cases. New factual conditions constantly arise that are covered by no known rule of law. The judge, in the exercise of a wise discretion, may promulgate a rule to meet the exigencies of justice in such cases. The rule applied by the majority here defeats justice and is contrary to every reasonable inference that may be drawn from the record. In its inception, principle not precedent was the dividing line between law and equity. If equitable principles had been applied here as they should have been, the correct result would have been reached.
Very few couples pass the age of eighty, and still fewer marry in their eighties, possessed of sufficient cash to tide them over the years to come. It would be utterly foolish to contend that a parent this near the end would not prefer a natural child to a stepchild in the distribution of any potential remainder there might be. In fact, I can think of no better way to distribute a potential remainder. Mr. and Mrs. Slawson evidently felt the same way and the record abundantly supports their purpose to direct what they had left into the hands of their respective children. The sophistry adopted by the majority opinion makes the disposition of what Mr. and Mrs. Slawson had left depend on which one dies first. Result, stepchildren are preferred and natural children disinherited. I have yet to see a normal parent do this.
I therefore dissent.